FILED

2012 Oct-31  PM 02:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT W. HARRINGTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:11-cv-04142-CLS** |
| | ) | |
| **DENNIS BOTTORFF,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on defendants' motion to dismiss for failure to state a claim upon which relief can be granted.[1]  Plaintiff, Robert W. Harrington, alleges that defendants, members of the Tennessee Valley Authority (TVA) Board of Directors, failed to promote him on the basis of his age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA").[2] Defendants' motion argues that plaintiff's complaint must be dismissed because plaintiff failed to exhaust administrative remedies.[3]   Upon consideration, the court will grant the motion.

---

[1] Doc. no. 15 (Motion to Dismiss), at 1.

[2] Doc. no. 1 (Complaint) ¶¶ 1, 8, 12-14.  The defendants are Dennis Bortoff, Marilyn Brown, Mike Duncan, Tom Gilliland, William Graves, Barbara Haskew, Richard Howorth, Neil McBride, and William Sansom.  *See id.*

[3] Doc. no. 16 (Defendants' Brief in Support of Motion to Dismiss), at 1.

# I.  LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b) permits a party to move to dismiss a complaint for, among other reasons, "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  This rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While that pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 544 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp.*, 550 U.S.] at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

*Iqbal*, 556 U.S. at 678 (alteration supplied).  Moreover, a court need not accept a complaint's legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

## II. FACTS AS ALLEGED[4]

Plaintiff, a TVA employee, failed to receive a promotion to the position of General Manager of TVA's Power Service Shops in Muscle Shoals, Alabama.[5] Plaintiff was fifty-six years old at the time another individual received the position on November 9, 2010.[6] The individual who TVA hired as General Manager was significantly younger and significantly less qualified than plaintiff.[7] Moreover, TVA's decision not to promote plaintiff was motivated by plaintiff's age.[8] After several administrative proceedings, plaintiff filed this suit on December 8, 2011, asserting a single claim for age discrimination under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA").[9]

---

[4] As always is the case in the context of ruling upon a motion to dismiss, the district court is required to assume that

> the facts set forth in the plaintiff's complaint are true. *See Anza* [*v. Ideal Steel Supply Corp.*], 547 U.S. 451, [453,] 126 S. Ct. [1991,] 1994 [(2006)] (stating that on a motion to dismiss, the court must "accept as true the factual allegations in the amended complaint"); *Marsh v. Butler County*, 268 F.3d 1014, 1023 (11th Cir. 2001) (*en banc*) (setting forth the facts in the case by "[a]ccepting all well-pleaded factual allegations (with reasonable inferences drawn favorably to Plaintiffs) in the complaint as true"). Because we must accept the allegations of plaintiff's complaint as true, what we set out in this opinion as "the facts" for Rule 12(b)(6) purposes may not be the actual facts.

*Williams v. Mohawk Industries, Inc.*, 465 F.3d 1277, 1281 n.1 (11th Cir. 2006) (alterations supplied).

[5] Doc. no. 1 (Complaint) ¶¶ 7-8.

[6] *Id.* ¶¶ 8-9.

[7] *Id.* ¶¶ 10-11.

[8] *Id.* ¶ 12.

[9] *Id.* ¶¶ 1, 8, 12-14.

3

## III.  PROCEDURAL HISTORY

Defendants argue that plaintiff did not exhaust his administrative remedies, a contention that, if true, merits dismissal of the complaint.  *See Watson v. Tennessee Valley Auth.*, 5:11-CV-02560-SLB, 2012 WL 2114496, at *2 (N.D. Ala. Mar. 30, 2012) (Blackburn, C.J.); *Jackson v. Barnhart,* No. 1:05–CV–2979–WSD, 2006 WL 2466810, at *4 (N.D. Ga. Aug. 24, 2006) (citing *Bryant v. U.S. Dep't of Agric.,* 967 F.2d 501, 504 (11th Cir.1992)).

Plaintiff pled that he "has fulfilled all conditions precedent to the filing of this lawsuit,"[10] but that allegation is a legal conclusion that is not entitled to deference. *See Iqbal*, 556 U.S. at 678-79.  Additionally,

> while a court generally may not consider matters outside the pleadings when ruling on a motion for judgment on the pleadings, *see* Fed. R. Civ. P. 12(d), it is appropriate to consider the record of administrative proceedings in the context of a motion challenging the plaintiff's exhaustion of administrative remedies. The court may do so without converting the motion for judgment on the pleadings into a motion for summary judgment. *See, e.g., Tillery v. U.S. Dept. of Homeland Security,* 402 F. App'x 421, 423 (11th Cir. 2010); *Horne v. Potter,* 392 F. App'x 800, 802 (11th Cir. 2010).

*Coppett v. Tennessee Valley Auth.*, CV-11-S-4227-NE, 2012 WL 3962902, at *3 n.26 (N.D. Ala. Sept. 11, 2012) (Smith, J.).  Therefore, the court must first examine the administrative record, as furnished by the parties, before assessing whether plaintiff

---

[10] *Id.* ¶ 6.

properly exhausted his administrative remedies.[11]

After plaintiff was not hired as General Manager on November 9, 2010, he contacted a TVA Equal Employment Opportunity (EEO) counselor on November 30, 2010 regarding his grievance.[12]   Management and plaintiff initially attempted to resolve the dispute through TVA's informal process, but their efforts proved unsuccessful and were terminated on January 20, 2011.[13]

On February 4, 2011, plaintiff filed a formal, administrative complaint with TVA.[14] Plaintiff submitted numerous documents for consideration and review during TVA's investigative process.[15]   Plaintiff requested, in writing, a decision on his complaint from TVA's Director of Equal Opportunity Compliance on July 12, 2011.[16] The Director issued TVA's "Final Agency Decision" on September 9, 2011.[17]   The

---

[11] The court hastens to note that it is *not* reviewing the *merits* of the administrative record, *i.e.*, plaintiff's discrimination claim.  Instead, the court will examine the relevant dates and events that occurred during the administrative process.

[12] Doc. no. 16-1 (EEO Counselor's Report), at 1.

[13] *Id.* at 4 ("[Plaintiff] chose mediation. . . . [M]anagement did want to 'mediate' the matter. . . . The meeting was held on January 6[, 2011].  After much discussion, the allegation was not resolved. . . . I informed Mr. Harrington via e-mail on January 19 that counseling was concluded [and] on January 20, 2011, I granted Mr. Harrington his final report in person.") (alterations supplied).

[14] Doc. no. 16-3 (Equal Employment Opportunity Complaint), at 2; doc. no. 19 (Plaintiff's Response to Motion to Dismiss) ¶ 2.

[15] *See* doc. no. (Plaintiff's Response to Motion to Dismiss) ¶¶ 10-12; *see, e.g.*, doc. no. 19-2 (Robert Harrington Aff. of Feb. 17, 2011); doc. no. 19-4 (Details of Age Discrmination).

[16] Doc. no. 16-5 (Request for Decision), at 2.

[17] Doc. no. 16-6 (Final Agency Decision), at 11; doc. no. 19 (Plaintiff's Response to Motion to Dismiss) ¶ 3.

Final Agency Decision concluded that plaintiff was not the subject of age discrimination.[18]  The Final Agency Decision also included several paragraphs informing plaintiff of his right to appeal TVA's decision.[19]

Plaintiff appealed TVA's Final Agency Decision to the Equal Employment Opportunity Commission (EEOC) on October 7, 2011.[20]  Plaintiff initiated the instant suit in this court sixty-two days later, on December 8, 2011.[21]  Finally, on January 31, 2012, the EEOC notified plaintiff's attorney, in writing, that it was terminating plaintiff's appeal at plaintiff's request.[22]

## IV.  DISCUSSION

### A.    Plaintiff's Initial Adjudicatory Options

The Supreme Court has previously explained how plaintiffs may pursue ADEA claims:

> [T]he ADEA provides two alternative routes for pursuing a claim of age discrimination.  An individual may invoke the EEOC's administrative process and then file a civil action in federal district court if he is not satisfied with his administrative remedies.  A federal employee complaining of age discrimination, however, does not have to seek relief

---

[18] Doc. no. 16-6 (Final Agency Decision), at 9.

[19] *Id.* at 9-11.

[20] Doc. no. 16-7 (EEOC Notice of Appeal), at 2 (sent on November 3, 2011 and acknowledging receipt of appeal on October 7, 2011).

[21] Doc. no. 1 (Complaint); doc. no. 19 (Plaintiff's Response to Motion to Dismiss) ¶ 4.

[22] Doc. no. 16-8 (EEOC Notice of Appeal Termination), at 2.

from his employing agency or the EEOC at all.  He can decide to present the merits of his claim to a federal court in the first instance.

*Stevens v. Department of Treasury*, 500 U.S. 1, 5-6 (1991) (citations omitted); *see* 29 U.S.C. § 633a(b)-(d); *see also Edwards v. Shalala*, 846 F. Supp. 997, 999 (N.D. Ga. 1994) *aff'd* 64 F.2d 601 (11th Cir. 1995).

One of plaintiff's options, the so-called "administrative bypass," *see Watson v. Tennessee Valley Auth.*, No. 5:11-cv-02560-SLB, 2012 WL 2114496, at *4-5 (N.D. Ala. Mar. 30, 2012) (Blackburn, C.J.), was to file suit in federal court before taking action through administrative channels.

> As an alternative to filing a[n administrative] complaint under this part, an aggrieved individual may file a civil action in a United States district court under the ADEA against the head of an alleged discriminating agency after giving the [Equal Employment Opportunity] Commission not less than 30 days' notice of the intent to file such action.  Such notice must be filed . . . within 180 days of the occurrence of the alleged unlawful practice.

29 C.F.R. § 1614.201(a) (alterations supplied).  Here, the plaintiff did not pursue the "administrative bypass" option,[23] but instead pursued his administrative remedies by filing a complaint with the TVA.  *See* 29 C.F.R. § 1614.106(a) ("A complaint must

---

[23] Neither the complaint nor the administrative record furnished by the parties indicates that plaintiff filed a notice with the EEOC of his intent to sue within 30 days of initiated this suit.  Any such notice would be irrelevant to the "administrative bypass" option at this point for two reasons. First, plaintiff clearly opted to pursue his administrative remedies.  Second, 180 days have passed since the occurrence of the alleged discrimination on November 9, 2010.  Therefore, the "administrative bypass" option is closed to plaintiff.

be filed with the agency that allegedly discriminated against the complainant."); *see also* 29 C.F.R. § 1614.201(a) (alluding to filing an administrative complaint as an alternative to the "administrative bypass" option).

Individuals who elect to file an administrative complaint must satisfy certain preconditions. "Aggrieved persons who believe they have been discriminated against on the basis of . . . age . . . must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter." 29 C.F.R. § 1614.105(a). "An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory[.]" 29 C.F.R. § 1614.105(a)(1). Plaintiff complied with those requirements by contacting a TVA Equal Employment Opportunity counselor on November 30, 2010,[24] twenty-one days after the November 9, 2010 occurrence of the alleged discrimination.

If an individual's grievance is not resolved through informal counseling, the counselor must provide the individual with a notice of his or her right to file a formal discrimination complaint within fifteen days of the receipt of the notice. *See* 29 C.F.R. § 1614.105(d); 29 C.F.R. § 1614.106(b). In this case, the TVA counselor provided plaintiff his notice on January 20, 2011.[25] Plaintiff timely filed his formal

---

[24] *See* doc. no. 16-1 (EEO Counselor's Report), at 1.

[25] *Id.* at 4.

8

complaint with TVA on February 4, 2011.[26]   TVA issued its "Final Agency Decision," which ruled against plaintiff, on September 9, 2011.[27]

## B.   Plaintiff's Appeal to the EEOC, and the Consequences Thereof

Once TVA issued its "Final Agency Decision" on September 9, 2011, plaintiff was again presented with choices about how best to pursue his age discrimination claim: *i.e.*, proceed directly to federal court; or file an appeal with the EEOC. "When," as in this case, "an individual has filed an administrative complaint alleging age discrimination . . . administrative remedies will be considered to be exhausted for purpose of filing a civil action":

> (1) 180 days after the filing of an individual complaint *if* the agency has *not* taken final action *and* the individual *has not filed an appeal* . . . ;
>
> (2) After final action on an individual or class complaint *if* the individual *has not filed an appeal*; or
>
> (3) *After the issuance of a final decision* by the [Equal Employment Opportunity] Commission on an appeal *or* 180 days *after* the filing of an appeal *if* the Commission has not issued a final decision.

29 C.F.R. § 1614.201(c) (emphases and alternations supplied).

In other words, when plaintiff filed his formal complaint with TVA, he limited his access to federal court to the three, above-mentioned routes.

---

[26] Doc. no. 16-3 (Equal Employment Opportunity Complaint), at 2; doc. no. 19 (Plaintiff's Response to Motion to Dismiss) ¶ 2.

[27] Doc. no. 16-6 (Final Agency Decision), at 9, 11; doc. no. 19 (Plaintiff's Response to Motion to Dismiss) ¶ 3.

On October 7, 2011, plaintiff timely appealed TVA's September 9th Final Agency Decision to the EEOC.[28]  *See* 29 C.F.R. §§ 1614.401(a) (permitting appeal to EEOC), 1614.402(a) (requiring appeal within thirty days of final agency action). Thus, plaintiff eliminated his ability to file suit in federal court under § 1614.201(c)(1)-(2).  Instead, plaintiff's appeal to the EEOC locked him into § 1614.201(c)(3), which establishes that administrative remedies are exhausted only when *either* the EEOC issues a final decision on the appeal, *or* 180 days after the appeal is filed (if the EEOC has yet to issue a final decision).

Plaintiff satisfied neither of those requirements.

Plaintiff filed suit in this court on December 8, 2011, sixty-two days after he perfected his appeal with the EEOC.  Moreover, the EEOC terminated plaintiff's appeal at his request on January 31, 2012, and therefore the EEOC did not issue a final decision.  Even if plaintiff had not requested termination of his appeal, the appeal would have terminated by operation of law upon the initiation of this suit.  *See* 29 C.F.R. § 1614.409.  Consequently, plaintiff failed to exhaust his administrative remedies.

---

[28] Doc. no. 16-7 (EEOC Notice of Appeal), at 2 (sent on November 3, 2011 and acknowledging receipt of appeal on October 7, 2011).

That conclusion is further supported by plaintiff's failure to meet any of the catch-all requirements for filing suit in federal court based on certain employment discrimination causes of action.

> A complainant who has filed an individual complaint [with an agency] . . . is authorized under title VII, the ADEA, and the Rehabilitation Act to file a civil action in an appropriate United States District Court:
>
>> (a) Within 90 days of receipt of the final action on an individual or class complaint *if no appeal has been filed*;
>>
>> (b) After 180 days from the date of filing an individual or class complaint *if an appeal has not been filed* and final action has not been taken;
>>
>> (c) Within 90 days of *receipt of the* [*Equal Employment Opportunity*] *Commission's final decision on appeal*; or
>>
>> (d) *After 180 days from the date of filing an appeal* with the Commission if there has been no final decision by the Commission.

29 C.F.R. § 1614.407 (emphases and alterations supplied).  Plaintiff eliminated subsections (a) and (b) by filing an appeal to the EEOC.  He foreclosed subsection (d) by initiating the instant suit only sixty-two days after filing his appeal.  Finally, because the EEOC never issued a final decision on plaintiff's appeal, subsection (c) also was not available.  Even if the termination of plaintiff's EEOC appeal could be considered a "final decision" by the Commission, plaintiff filed the case at bar *before* that decision, *not* "within 90 day of receipt" of the decision (*i.e.*, *after* it).

The Eleventh Circuit strictly applies exhaustion requirements. *Perrino v. Southern Bell Telephone & Telegraph Co.*, 209 F.3d 1309, 1318 (11th Cir. 2000). "To determine whether an employee failed to exhaust his administrative remedies, [a court] consider[s] whether the complainant made a good faith effort to comply with the regulations and, particularly, to provide all the relevant, specific information available to him or her." *Brown v. Snow*, 440 F.3d 1259, 1263 (11th Cir. 2006) (internal quotations omitted). Plaintiff argues that he meets the "good faith" standard based on his voluminous submissions to TVA during its administrative process.[29] As defendants note, however, "[p]laintiff appears to confuse the 'Agency' (*i.e.*, TVA) and the EEOC."[30] "It is [p]laintiff's failure to cooperate with the EEOC on appeal, and not with the Agency below, that mandates dismissal of his Complaint."[31]

This case is squarely governed by *Lawrence v. G-UB-MK Contractors*, 262 F. App'x 149 (11th Cir. 2008), in which the Eleventh Circuit held that

> under the reasoning in *Brown* [*v. Snow*, 440 F.3d 1259 (11th Cir 2006)], because Lawrence [*i.e.*, the plaintiff] terminated her appeal from the EEOC after only 108 days, she cannot be said to have cooperated in good faith. Therefore, we agree with the district court that she failed to exhaust her administrative remedies.

---

[29] Doc. no. 19 (Plaintiff's Response to Motion to Dismiss) ¶¶ 10-12 & pp. 8-9.

[30] Doc. no. 20 (Defendants' Reply), at 2 n.1.

[31] *Id.* at 1.

*Id.* at 153-54 (emphasis and alterations supplied).  Given the strict application of exhaustion requirements, plaintiff's failure to abide by those requirements, and the *Lawrence* decision, this court similarly finds that plaintiff did not cooperate with the EEOC in good faith.

**C.    Plaintiff's "Denial of Meaningful Access to Administrative Review" Argument**

Plaintiff seeks to excuse his failure to exhaust administrative remedies by arguing that TVA "failed to provide adequate notice to [him] of his rights and responsibilities regarding the exhaustion of administrative remedies."[32] The Eleventh Circuit recognizes exceptions to exhaustion requirements "only when resort to administrative remedies would be futile or the remedy inadequate, or where a claimant is denied 'meaningful access' to the administrative review scheme in place." *Perrino*, 209 F.3d at 1316 (internal citations and quotations omitted).  Plaintiff's argument implicates only the latter exception.

Plaintiff claims that, unlike the language in 29 C.F.R. § 1614.201(c), the information provided by TVA during its initial counseling session with plaintiff

> failed to state that once [plaintiff] chose to file an appeal, he was compelled to wait 180 days or until the EEOC issued a decision before he could file suit.  Instead, the Agency's language notified [plaintiff] that he had exhausted its administrative remedies in two ways: by filing suit 180 days from the date he filed his formal complaint [with TVA]

---

[32] Doc. no. 19 (Plaintiff's Response to Motion to Dismiss), at 1.

and by filing suit after the Agency had issues its Final Decision of September 9, 2011.[33]

In plaintiff's view, TVA's allegedly-erroneous information hampered plaintiff's efforts to such a degree that he "should not be deemed thereby to have failed to comply with the exhaustion requirements."[34]  *Wade v. Secretary of the Army*, 796 F.2d 1369, 1377 (11th Cir. 1986).

The relevant language provided by TVA during the counseling process reads as follows:

> [The ADEA] allows persons claiming age discrimination to go directly to court without going through an agency's administrative complaint procedures.  If you choose to go directly to court, you must notify the Equal Employment Opportunity Commission (EEOC) of your intent to file a lawsuit by writing [the EEOC].  This notice must be made at least thirty (30) days before the action is filed.  If, however, a complainant chooses to file an administrative complaint, he or she must exhaust administrative remedies before proceeding to court.  *The complainant exhausts administrative remedies one hundred and eighty (180) days after filing a formal complaint* or 180 days after filing an appeal with the EEOC if the EEOC has not issued a decision, or when TVA or the EEOC issues a final decision.[35]

That language largely tracks the regulatory requirements.  Plaintiff, however, insists that TVA's language did not make clear that, by appealing to the EEOC, plaintiff

---

[33] *Id.* at 7.

[34] *Id.* at 5.

[35] Doc. no. 16-2 (Rights and Responsibilities in the Equal Opportunity Complaint Process), at 2 (alterations and emphasis supplied).

14

forfeited the ability to file suit "180 days after filing a formal complaint" with TVA. The notice is ambiguous in that regard. Admittedly, the notice could be disambiguated by simply inserting "if an appeal is not filed" after the italicized language in the block-quote above. The result would read as follows: "The complainant exhausts administrative remedies one hundred and eighty (180) days after filing a formal complaint *if an appeal is not filed*, or 180 days after filing an appeal with the EEOC . . ." However, the notice did not so read. Yet despite the notice's ambiguity, plaintiff's argument fails for several reasons.

Plaintiff is correct that TVA's notice did not explicitly state that filing an EEOC appeal barred plaintiff's ability to file suit in federal court with 180 days after *TVA's* final decision. Nevertheless, that omission hardly meets the demanding standard of a "deni[al of] 'meaningful access' to the administrative review scheme in place." *Perrino*, 209 F.3d at 1316 (alternation supplied). Plaintiff informally pursued his claim with TVA. When a resolution did not result, he filed a formal complaint with TVA. When TVA denied his formal complaint, plaintiff appealed to the EEOC. Plaintiff thus had ample opportunity to access the administrative review scheme.

Even assuming TVA's initial notice prejudiced plaintiff, any such prejudice was undone by TVA's Final Agency Decision, which properly explained plaintiff's appellate options and the administrative prerequisites for suing in federal court.

15

Section VII of that document, entitled "Appeal Rights," first noted that plaintiff could

appeal TVA's decision directly to the EEOC.[36]  It also informed plaintiff that

> [i]n lieu of an appeal to the EEOC, Complainant may file a civil action
> in an appropriate U.S. District Court WITHIN 90 CALENDAR DAYS
> of receipt of this final decision and appeal rights notice.  The proper
> defendants are the members of the TVA Board of Directors.[37]

Cf. 29 C.F.R. § 1614.407(a).  The notice then explained that, even if plaintiff

appealed to the EEOC, he could proceed to federal court after either the EEOC's

decision, or 180 days from the date of his appeal.[38]  Because that (accurate and

umambiguous) information came after the initial, ambiguous notice and before

plaintiff had to chose between proceeding to federal court or appealing to the EEOC,

the court cannot conclude that plaintiff was denied meaningful access to the

administrative review scheme.

Finally, Lawrence is once again instructive.  The plaintiff in Lawrence also

argued that she received inadequate notice from TVA of the administrative scheme.

The Court noted that

> Lawrence [i.e., the plaintiff] has failed to cite any binding authority
> requiring an agency affirmatively to ensure that she understood her
> appellate options and the applicable exhaustion requirements, both of

---

[36] Doc. no. 16-6 (Final Agency Decision), at 9.

[37] Id. at 19 (alternation and emphasis supplied).

[38] Id.

16

> which are set out in our case law and the governing statute and
> regulation.

*Lawrence*, 262 F. App'x at 154.  The same is true of plaintiff in this case.  TVA

provided plaintiff with two separate notices of his administrative remedies.  Plaintiff

received both of those notices before he decided to appeal to the EEOC.  Those

notices sufficiently appraised plaintiff of his rights and remedies.  Therefore, plaintiff

was not excused from failing to exhaust his administrative remedies, especially

because plaintiff has not shown that TVA is obliged to ensure that plaintiff fully

comprehended the administrative scheme.

## D.    Dismissal With Prejudice

Plaintiff's case must be dismissed because he did not exhaust his administrative

remedies.  *See Watson*, 2012 WL 2114496, at *2; *Jackson*, 2006 WL 2466810, at *4

(citing *Bryant v. U.S. Dep't of Agric.,* 967 F.2d 501, 504 (11th Cir.1992)).  The only

remaining question is whether it should be dismissed with or without prejudice.

As discussed at length above, there are no remaining avenues for plaintiff to

properly bring his case in federal court.  *See* 29 C.F.R. §§ 1614.201(c), 1614.407.  If

the court dismissed plaintiff's case without prejudice and permitted him to amend or

re-file his complaint, his efforts would be futile.  In such a situation, dismissal with

prejudice is allowed.  *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir.

2005) (citing *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)) (permitting the denial of leave to amend when amendment would be futile).

## V.  CONCLUSION

It is sad and of little solace, either to plaintiff or this court, to observe that the errors of plaintiff's attorney may have served only to convert an arguably meritorious age discrimination claim under federal law into a state law claim under the Alabama Legal Services Liability Act of 1988, Ala. Code § 6-5-570 *et seq*. (1975) (2005 Replacement Vol.).   Nevertheless, for all of the reasons stated above, the court GRANTS defendants' motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted.   Plaintiff's complaint is DISMISSED with prejudice.   Costs are taxed to plaintiff.   The Clerk is directed to close this file.

DONE and ORDERED this 31st day of October, 2012.

United States District Judge